**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAVID HAGENBAUGH, *et al*.,** individually and on behalf of all others similarly situated, | **:** | |
| | **:** | |
| **Plaintiffs** | **:** | **CIVIL ACTION NO. 3:20-1838** |
| | **:** | |
| **v.** | **:** | **(JUDGE MANNION)** |
| | **:** | |
| **NISSAN NORTH AMERICA d/b/a NISSAN USA, *et al*.,** | **:** | |
| | **:** | |
| **Defendants** | | |

**<u>MEMORANDUM</u>**

**I.** <u>**FACTUAL BACKGROUND**</u>

Plaintiffs David Hagenbaugh, Heather Hagenbaugh, Michael Homanko, Sherri Homanko, Frederick Lubrecht, and Marianne Lubrecht, (collectively, "Plaintiffs"), originally filed their class action complaint in Luzerne County Court of Common Pleas on September 1, 2020. On October 7, 2020, defendant Nissan North America, Inc. removed this case to federal court pursuant to <u>28 U.S.C. §§1332, 1441, 1446, and 1453</u>. (Doc. 1). On November 20, 2020, Plaintiffs filed an amended complaint with attached exhibits. (Doc. 19). Plaintiffs are three pairs of individuals–two married couples and one father and daughter–residing in Luzerne County, Pennsylvania. (Doc. 19 at ¶¶ 1-3). Defendants include three auto

manufacturers incorporated and headquartered in other states, ("Defendant Manufacturers"), Hyundai Motor America, Kia Motors America, and Nissan North America, Inc. Three limited liability company auto dealerships authorized by the manufacturers and incorporated in Pennsylvania, ("Defendant Dealerships"), are also listed as defendants, as are three individual dealership owners residing in other states ("Defendant Owners").[1] (Id. at ¶¶ 4-12).

According to the amended complaint, the Defendant Dealerships, with approval of Defendant Manufacturers and Owners, advertised a "Set for Life Program," which represented that vehicle purchasers would receive certain benefits, including engine warranties, oil and filter changes, car washes, loaner vehicles, and state inspections, for free for the duration of their ownership of a vehicle purchased through the Defendants. (Id. at ¶ 20). Amid financial difficulties, Defendant Dealerships sold numerous vehicles without repaying the financing for those vehicles to certain manufacturer-affiliated financing entities, while still advertising the Set for Life Program benefits to

---

[1] One of the Dealership Owners, defendant Antonio D. Pierce, was dismissed from this action with prejudice pursuant to a stipulation. (Doc. 76). As such, the motions filed by Pierce prior to his dismissal, (Docs. 59, 60), were termed. The remaining defendants shall collectively be referred to as the "Defendants."

purchasers. (Id. at ¶¶ 16, 24). The Defendant Dealerships went out of business in November 2018, about two years after opening. (Id. at ¶ 25). Since the dealership closures, Defendant Manufacturers have refused customers' demands to provide them with the Set for Life Program benefits. (Id. at ¶¶ 25-27).

Each pair of Plaintiffs purchased a vehicle from one of the Defendant Dealerships and each either signed an agreement with the dealership upon purchase specifying the benefits of the Set for Life Program or was provided a brochure upon purchase specifying the benefits. (Id. at ¶¶ 28, 32, 37). After the dealerships closed, Plaintiffs demanded that Defendant Manufacturers, respectively, continue to provide the Set for Life Program benefits on behalf of the closed dealerships they had authorized, and Defendant Manufacturers refused. (Id. at ¶¶ 31, 36, 40).


## II.   PROCEDURAL HISTORY

Plaintiffs, on behalf of those similarly situated, (the "Proposed Plaintiff Class"), brought this putative class action against Defendants in the Luzerne County Court. (Doc. 1-2). Included among Plaintiffs' putative class are "[a]ll individuals located within and/or residents of the Commonwealth of Pennsylvania, who purchased or leased automobiles" at the Defendant

Dealerships between November 1, 2016 and November 30, 2018. (Id. at ¶ 42a.) In their original complaint, Plaintiffs alleged violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") (73 P.S. §201-1) and the Chapter 30 of the Pennsylvania Code ("Automotive Industry Trade Practices") (73 P.S. §201.13.1) (Count I), breach of contract (Count II), unjust enrichment (Count III), and fraud (Count IV). (Doc. 1-2 at ¶¶ 54, 64, 69, 74-80). As relief, Plaintiffs sought treble damages for Count I, actual and compensatory damages for Count II, restitution in the amount of actual and compensatory damages for Count III, punitive damages for Count IV, interest, attorney's fees, expenses, and costs of suit. (Doc. 1-2).

Defendants removed this case on October 7, 2020, averring that this Court has diversity jurisdiction pursuant to both 28 U.S.C. §1332 (a) and §1332(d), or the Class Action Fairness Act of 2005 ("CAFA"). (Doc. 1-2 at ¶¶ 1-2, 32-34). On November 3, 2020, Plaintiffs filed a motion to remand this case back to state court, (Doc. 6), and submitted a brief in support of their motion on November 17, 2020, (Doc. 15). On December 8, 2020, Defendant Manufacturers filed their brief in opposition to the motion to remand. (Doc. 32). Plaintiffs filed a reply brief on December 22, 2020. (Doc. 35). Defendant Manufacturers thereafter filed a motion for leave of court to file a sur-reply

brief in response to Plaintiffs' reply brief, (Doc. 45), and the Court considered the Defendant's proposed sur-reply brief in the present Opinion, (Doc. 45-1).

For the reasons that follow, the Court will require the parties to conduct discovery as to the citizenship of the Defendant Dealerships before it will make a determination as to the Plaintiffs' motion to remand.

### III.   STANDARD

A defendant may remove to federal court any civil action brought in a state court over which federal courts have original jurisdiction. 28 U.S.C. §1441. "The defendant seeking to remove the matter bears the burden of showing that (1) federal subject matter jurisdiction exists, (2) removal was timely filed, and (3) removal was proper." Farrell v. FedEx Ground Package Sys., Inc., 478 F.Supp.3d 536, 540 (D. N.J. 2020) (citations omitted). "After a case has been removed, the district court, however, may nonetheless remand it to state court if the removal was procedurally defective or subject matter jurisdiction is lacking." Id. (citing 28 U.S.C. §1447(c)).

Federal courts have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a)(1). Also, there must be diversity of citizenship between all plaintiffs and each defendant in

the case. *See* Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996) (complete diversity is required). When federal jurisdiction is predicated on the parties' diversity of citizenship, *see* §1332, removal is permissible "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which [the] action [was] brought." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 83-84 (2005) (citing 28 U.S.C. §1441(b)).

In contrast, the amount in controversy asserted in a notice of removal can satisfy the requirement for original jurisdiction under §1332 "if the district court finds, by the preponderance of evidence, that the amount in controversy exceeds" $75,000. 28 U.S.C. §1446(c)(2). A defendant bears the burden of demonstrating, by a preponderance of the evidence, the factual basis for satisfying the amount in controversy requirement. Lasher v. Statoil USA Onshore Prop., Inc., 2018 WL 1524881, at *2 (M.D. Pa. 2018) (citing Samuel-Bassett v. KIA Motors Amer., Inc., 357 F.3d 392, 397-398 (3d Cir. 2004)). A failure to establish either the diversity of the parties or the amount in controversy are grounds for remand. When it comes to the requirements for jurisdiction, removal is "strictly construed," and doubts about removal are "resolved in favor of remand." Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 (3d Cir. 1992). In a class action, however, "claims of several plaintiffs, if they are separate and distinct, cannot be aggregated for purposes of

determining the amount in controversy." Ricci Inc., 835 F.3d 388 at 397 (3d Cir. 2016). Claims by multiple plaintiffs are "separate and distinct" where "adjudication of their claims could be accomplished in separate actions." Plunkett v. Nationwide Mut. Ins. Co., 2014 WL7271380, at *2 (E.D. Pa. 2014).

Federal courts, irrespective of whether they maintain complete diversity jurisdiction, may also maintain jurisdiction under the Class Action Fairness Act, 28 U.S.C. §1332(d), if "the matter in controversy exceeds the sum or value of $5,000,000" and "any member of a class of plaintiffs is a citizen of a state different from any defendant." Districts courts, however, retain the ability to decline to exercise jurisdiction under CAFA "in the interest of justice and looking at the totality of the circumstances." 28 U.S.C. §1332(d)(3). Furthermore, Congress, in enacting CAFA, set forth exceptions in cases where two-thirds or more of the proposed plaintiff class are citizens of the state in which the action originated and either at least one local defendant's conduct forms a significant basis of the claims asserted and relief requested by the proposed plaintiff class, (the "local controversy exception"), or at least two-thirds of the primary defendants are also citizens of the home state in which the action was filed, (the "home state exception"). 28 U.S.C. §1332(d)(4). "[O]nce CAFA jurisdiction has been established, the

- 7 -

burden shifts to the party objecting to federal jurisdiction to show that [an] exception should apply." Kaufman v. Allstate New Jersey Ins. Co., 561 F.3d 144, 153 (3d Cir. 2009).

## IV.   DISCUSSION

As a preliminary matter, the Plaintiff contends that questions remain concerning the citizenship of the three Defendant Dealerships. In contrast, the Defendants claim that no Defendants are citizens of Pennsylvania and that all Plaintiffs are citizens of Pennsylvania. (Doc. 1 at 3-5). Any uncertainty regarding the citizenship of the Department Dealerships, however, impacts both a determination regarding whether there is diversity jurisdiction or jurisdiction under the CAFA.

### a. DIVERSITY OF CITIZENSHIP

Under the well-established rules of citizenship, "[a] natural person is deemed to be a citizen of the state where he is domiciled, while a corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business." Lincoln Ben. Life Co. v. AEI Life, LLC., 800 F.3d 99, 104-05 (3d. Cir. 2015) (citing Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010)). Unincorporated associations such as partnerships, however, "are not considered 'citizens' as that term is used

- 8 -

in the diversity statute." <u>Swiger v. Allegheny Energy, Inc., 540 F.3d 179, 182</u> <u>(3d Cir. 2008)</u> (citing <u>Carden v. Arkoma Assocs., 494 U.S. 185, 187-92</u> <u>(1990))</u>. Instead, "the citizenship of partnerships and other unincorporated associations is determined by the citizenship of [their] partners or members." <u>Zambelli Fireworks Mfg. Co., 592 F.3d at 420</u>. The state of organization and the principal place of business of an unincorporated association are legally irrelevant. "Accordingly, the citizenship of an LLC is determined by the citizenship of its members." <u>Id.</u> For complete diversity to exist, all of the LLC's members must be "diverse from all parties on the opposing side." <u>Swiger,</u> <u>540 F.3d at 183</u>.

In challenging whether subject matter jurisdiction exists, a moving party may make either a facial or factual attack as to the pleadings. <u>Lincoln</u> <u>Ben. Life Co., 800 F.3d at 105</u>. A facial attack "concerns 'an alleged pleading deficiency' whereas a factual attack concerns 'the actual failure of [a plaintiff's] claims to comport [factually] with the jurisdictional prerequisites.'" <u>CNA v. United States, 535 F.3d 132, 139 (3d Cir. 2008)</u>. "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." <u>Lincoln Ben. Life Co., 800 F.3d at 105</u>. By contrast, in reviewing a factual attack, "the court must permit the plaintiff to respond

with rebuttal evidence in support of jurisdiction, and the court then decides the jurisdictional issue by weighing the evidence. If there is a dispute of a material fact, the court must conduct a plenary hearing on the contested issues prior to determining jurisdiction." <u>Id. at 105-06</u>.

If the Court were to examine the Plaintiffs' amended complaint in light of a facial attack, the assertions made as to the Defendant Dealerships' citizenship would be insufficient to clearly determine the LLCs' citizenship as the pleadings merely indicate that the Defendant Dealerships were "organized and existing under the laws of Pennsylvania." *See* (Doc. 19 at ¶¶ 7-9). As the Plaintiffs make a factual attack as to the Defendants' claims for jurisdiction in their notice of removal, however, the Court is required to allow the Defendants to produce evidence, after discovery on the issue is conducted, as to the citizenship of the Defendant Dealerships' members. Therefore, this Court cannot make a determination as to whether there is in fact original jurisdiction until such discovery takes place and the citizenship of the parties is settled.

### b. Jurisdiction under the Class Action Fairness Act

Separate and apart from their claims of diversity jurisdiction, the Defendant Manufacturers alternatively assert that this Court maintains federal jurisdiction pursuant to the federal Class Action Fairness Act, which

allows subject matter jurisdiction for certain cases where there is only minimal diversity of citizenship. (Doc. 1 at 10). In accordance with the CAFA, where a class of plaintiffs consists of at least 100 members:

> (d)(2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—
>
>> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;
>>
>> (B) any member of a class of plaintiffs is a foreign state or a citizen or subject of a foreign state and any defendant is a citizen of a State; or
>>
>> (C) any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state.

28 U.S.C. §1332(d)(2), (5). Under the CAFA, Plaintiffs' lawyers claim that the Proposed Plaintiff class consists of "1370 putative class members" with "more than 2/3 of the members of the putative class … citizens of the Commonwealth of Pennsylvania." (Doc. 6-1 at 95). Furthermore, though the Plaintiffs contend that the amount in controversy for determining diversity jurisdiction is below the $75,000.00 threshold, they do not challenge that the aggregated amount in controversy exceeds five million. *See* 28 U.S.C. §1332(d)(6) (claims of individual class members are aggregated when determining whether CAFA's five million jurisdictional threshold is met).

- 11 -

Instead, the Plaintiffs, through their motion to remand, argue that the local controversy exception under Section 1332(d)(4)(A) applies to their CAFA claims.

The local controversy exception impedes federal jurisdiction under the CAFA where the class action includes at least one local defendant "from whom significant relief is sought by members of the plaintiff class" or "whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class." 28 U.S.C. §1332(d)(4)(A)(i)(II). "[A] court must analyze the significance of a defendant's conduct in relation to that of the other defendants in light of the plain meaning of the word 'significant.'" *See* Walsh v. Defs., Inc., 894 F.3d 583, 592 (3d Cir. 2018) (citing Kaufman, 561 F.3d at 157 (defining "significant" as "important, notable")). It is established, however, that "the local controversy exception does not require that the local defendant's conduct be the most significant conduct or that it predominates over claims against other defendants." Id.

Even as the parties disagree as to the recovery the Plaintiffs seek, both parties accept that the Plaintiffs' claims start with the contention that they "would not have bought their vehicles but for the dealerships' alleged fraud." (Doc. 35 at 4-6 (citing Doc. 32 at 9-10)). The alleged fraud also occurred in Pennsylvania and the sales made in Pennsylvania were made by and

through the Defendant Dealerships. The Court thus views the Defendant Dealerships' involvement as a "significant basis for the claims asserted by the proposed plaintiff class."

As set forth above, however, there are clear issues of fact regarding the proper citizenship for jurisdictional purposes as to the Defendant Dealerships, which would undermine this Court's ability to determine whether this matter is sufficiently local. Though the Plaintiffs "bear the burden" of establishing that the local controversy exception applies, it would be inequitable to simply state that the exception does or does not apply when one of the main factors in making such a determination clearly lacks factual support and remains in question. The Court, therefore, finds that the parties must first complete the same discovery regarding the citizenship of the Department Dealerships as set forth above before it will determine whether the local controversy exception applies.

## V.   CONCLUSION

Defendant Manufacturers' motion for leave of court to file a sur-reply brief, **(Doc. 45)**, is **GRANTED**, and the Court has considered the proposed brief herein. The Court is otherwise unable to determine whether it maintains original jurisdiction over this matter pursuant 28 U.S.C. §1332(a) or

jurisdiction under the CAFA, and so the parties will be directed to conduct discovery regarding the citizenship of the Defendant Dealerships so the Court can decide if diversity jurisdiction exists in this case. An appropriate Order will follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 7, 2022**
20-1838-01