UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DAVID HAGENBAUGH, *et al.*,      :

      Plaintiffs,      :      CIVIL ACTION NO. 3:20-1838

      v.      :      (JUDGE MANNION)

NISSAN NORTH AMERICA, INC.,      :
*et al.*,
              :

      Defendants.
             :

## MEMORANDUM

Before the court is Plaintiffs' unopposed motion for entry of default judgment. (Doc. 103). This is a multi-defendant case in which Plaintiffs allege Defendants acted in concert to defraud customers who were purchasing or leasing automobiles by virtue of fraudulent promises of future benefits. Plaintiffs served all nine named defendants, but four of those defendants have yet to respond, and the Clerk entered default against them accordingly. However, since the Amended Complaint alleges Defendants are jointly liable to Plaintiffs based on concerted action, and since the case proceeds against some of the defendants who have not defaulted, long-established Supreme Court precedent counsels against entering default judgment against some but not all defendants at this stage of the case. Thus, the court will **DENY** Plaintiffs' motion without prejudice to renewal of the motion at a later stage.

**I. BACKGROUND**

The factual background of this putative class action has been outlined in prior memoranda from this court and is not fully repeated herein. (*See* Docs. 85, 109). In sum, Plaintiffs' operative pleading describes a scheme whereby the defendant Owners, Manufacturers, and Dealerships allegedly operated in concert to defraud customers who were purchasing or leasing automobiles by making promises under a so-called "Set for Life Program." (*See* Doc. 19, Amended Complaint).

The program included free oil and filter changes, car washes, state inspections, powertrain warranties, and loaner vehicles for as long as Plaintiffs owned their cars. Defendants allegedly made the promises to induce customers to buy or lease cars but knew they could not deliver upon these promises. The Dealerships closed their doors around September 2018, and the defendant Owners and Manufactures refuse to provide the benefits specified in the Set for Life Program. According to Plaintiffs, this conduct entitles them to damages based on four state law theories: Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL), breach of contract, unjust enrichment, and fraud. (Doc. 19).

The defendant Dealerships were personally served with process on November 3, 2020. (Docs. 7–9). One of the defendant Owners, Saporito,

was served by the United States Marshal on December 15, 2021. (Doc. 50). Neither the Dealerships nor Saporito have entered an appearance in this litigation or filed a response to the Amended Complaint. Plaintiffs sought entry of default against the nonresponsive parties, (Docs. 96–99), which the clerk entered, (Docs. 101 & 102). The Plaintiffs now ask the court to enter default judgment against the defaulting defendants pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

## II.   LEGAL STANDARD

Rule 55(a) of the Federal Rules of Civil Procedure provides that the Clerk must enter a party's default when the defendant has failed to plead or otherwise defend an action seeking affirmative relief, as shown by affidavit or otherwise. Once the Clerk enters default, if the claim is not for a sum certain as contemplated by Federal Rule 55(b)(1), then "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). "An entry of default under Rule 55(a) 'does not entitle a claimant to default judgment as a matter of right.'" *Semon v. Maps Indeed, Inc.*, No. CV 3:14-1593, 2019 WL 2387167, at *2 (M.D. Pa. June 6, 2019) (citation omitted). Instead, entry of default judgment is within the sound discretion of the district court. *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

**III.   DISCUSSION**

"Three factors control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Id.* In light of the well-established principle that the Third Circuit "disfavor[s] default judgments and encourag[es] decisions on the merits," *Budget Blinds, Inc. v. White*, 536 F.3d 244, 258 (3d Cir. 2008), the default-seeking plaintiff must show not only that these three factors exist, but their existence must also be clear.

In addition, there are judicious limitations on entry of default judgment. One limitation involves cases like the one at bar where the action continues against other, non-defaulting defendants. In that instance, the court may order a final default judgment on less than all of the parties only upon an express determination that there is no just reason for delay. Fed. R. Civ. P. 54(b). The avoidance of logically inconsistent judgments against joint tortfeasors in the same action is a just reason for delay.

This limitation on default judgment was first recognized by the Supreme Court in *Frow v. De La Vega*, 82 U.S. 552 (1872). In that case, Justice Bradley wrote,

> If the court in such a case as this can lawfully make a final decree against one defendant separately, on the merits, while the cause

> was proceeding undetermined against the other, then this absurdity might follow: there might be one decree of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill. And such an incongruity, it seems did actually occur in this case. Such a state of things is unseemly and absurd, as well as unauthorized by law.
> . . . [I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all.

*Farzetta v. Turner & Newall, Ltd.*, 797 F.2d 151, 153–54 (3d Cir. 1986) (quoting *Frow*, 82 U.S. at 554.).

The one-page, 1872 opinion from the Supreme Court in *Frow* is still widely accepted today, including in this Circuit. Indeed, "if default is entered against some defendants in a multi-defendant case, the preferred practice is for the court to withhold granting default judgment until the action is resolved on its merits against non-defaulting defendants: if plaintiff loses on merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants." *Animal Sci. Prod., Inc. v. China Nat. Metals & Mins. Imp. & Exp. Corp.*, 596 F.Supp.2d 842, 849 (D.N.J. 2008) (collecting cases); *see also Semon*, 2019 WL 2387167 at *3 (denying motion for default judgment without prejudice due to possibility of logically inconsistent judgments).

Here, Plaintiffs have asserted the same four claims against all defendants, defaulting and non-defaulting alike. The specific factual allegations in the amended complaint impugn, in most instances, all "Defendants" collectively. (*See* Doc. 19). In addition, the thrust of the allegations contained in the amended complaint is concerted action on the part of all Defendants to fraudulently induce Plaintiffs to buy their vehicles. In addition, the amended complaint is yet to pass muster for purpose of Defendant Kia's pending motion to dismiss. (*See* Doc. 111). These factors discourage entry of default judgment against some of the defendants at this stage of the case due to the possibility of logically inconsistent judgments.

One of many examples of the possibility of logically inconsistent judgments will suffice. It is possible, for example, that judgment could be entered in favor of Defendant Kia (an answering-defendant against whom Plaintiffs' claims are currently active) on Plaintiffs' fraud-related claims for failure to show justifiable reliance on Defendants' representations. That finding would be logically inconsistent with a default judgment against the Dealerships and Owner Saporito (the defaulting-defendants), which would require the court to accept Plaintiffs' allegation of justifiable reliance on Defendants' representations as true. Thus, the court believes there is just reason for delay due to the possibility of logically inconsistent judgments.

## IV.  CONCLUSION

In light of the foregoing, Plaintiffs' motion for entry of default judgment, (Doc. 103), will be **DENIED without prejudice** to renewal of the motion at a later stage.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: June 26, 2023**
20-1838-03