**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID HAGENBAUGH, *et al.*,<br><br>               Plaintiffs,<br><br>        v.<br><br>NISSAN NORTH AMERICA, INC.,<br>*et al.*,<br><br>               Defendants. | Civil Action No. 3:20-cv-01838-JKM |

**REPLY BRIEF IN SUPPORT OF DEFENDANT
KIA MOTORS AMERICA INC.'S MOTION TO DISMISS IN PART
PLAINTIFFS' SECOND AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

**Page**

ARGUMENT..............................................................................................................1

I.      PLAINTIFFS' UTPCPL AND FRAUD CLAIMS FAIL UNDER
        THE GIST OF THE ACTION DOCTRINE........................................................1

II.     PLAINTIFFS FAIL TO STATE A UTPCPL CLAIM. ........................................3

III.    PLAINTIFFS FAIL TO STATE A FRAUD CLAIM. ..........................................7

CONCLUSION.........................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barnard v. Verizon Commcn's, Inc.*,
    451 F. App'x 80 (3d Cir. 2011) ..........................................................................7

*Berardine v. Weiner*,
    198 F. Supp. 3 d 439 (E.D. Pa. 2016) ...............................................................3

*Christidis v. First Pennsylvania Mortg. Tr.*,
    717 F.2d 96 (3d Cir. 1983) .........................................................................7, 8, 9

*Drelles v. Mfrs. Life Ins. Co.*,
    881 A.2d 822 (Pa. Super. Ct. 2005) ...............................................................6, 7

*Goldstein v. Bison Bede Ltd.*,
    No. 09-826, 2009 WL 2710235 (E.D. Pa. Aug. 27, 2009) ...................................4

*Knight v. Springfield Hyundai*,
    81 A.3d 940 (Pa. Super Ct. 2013) ..................................................................2, 3

*Luketich v. USAA Cas. Ins. Co*,
    No. 2:20-cv-00315, 2020 WL 5669017 (W.D. Pa. Sept. 24, 2020) .....................4

*Monck v. Progressive Corp.*,
    No. 3:15-CV-250, 2015 WL 1638574 (M.D. Pa. Apr. 13, 2015) ........................6

*Nicholson v. Sheetz*,
    No. 1:19-CV-166-SPB, 2020 WL 4676354 (W.D. Pa. Aug. 12,
    2020) ................................................................................................................9

*Okulski v. Carvana, LLC*,
    No. CV 20-1328, 2021 WL 2223834 (E.D. Pa. June 2, 2021) .........................2, 3

*Post v. Liberty Mut. Grp. Inc.*,
    No. 14-CV-238, 2014 WL 2777396 (E.D. Pa. June 18, 2014) ...........................6

*Walkup v. Santander Bank, N.A.*,
    147 F. Supp. 3d 349 (E.D. Pa. 2015) .................................................................6

**TABLE OF AUTHORITIES**—Continued

**Page**

**Statutes**

Pa. Stat. § 818.310(c)(1)(ii) ..............................................................9

Pennsylvania Unfair Trade Practices and Consumer Protection Law
    ("UTPCPL") ..............................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 9(b) ..............................................................7

LR 7.8..............................................................1

LR 7.8(b)(1) ..............................................................1

LR 7.8(b)(3) ..............................................................1

LR 7.10..............................................................2

Defendant Kia America, Inc. f/k/a Kia Motors America, Inc. ("KUS")

respectfully submits this reply brief in support of its Motion to Dismiss in Part

Plaintiffs' Second Amended Complaint.  Dkt. No. 140 ("Mot." or "Motion").[1;2]

## ARGUMENT

## I.    PLAINTIFFS' UTPCPL AND FRAUD CLAIMS FAIL UNDER THE GIST OF THE ACTION DOCTRINE.

Judge Mannion has already dismissed Plaintiffs' Pennsylvania Unfair Trade

Practices and Consumer Protection Law ("UTPCPL") and common law fraud

claims against KUS, finding the claims were barred by Pennsylvania's "gist of the

action" doctrine.  Mot. Br. at 9–12.  This Court reasoned that Plaintiffs' allegations

as to the alleged promises regarding the Set for Life Program "sound[] in contract"

because the alleged duty to provide these benefits arises from an "alleged

promise," not "a broader social duty owed to all individuals."  *Id.*  Plaintiffs have

failed to cure the deficiencies that this Court identified.  For multiple reasons, this

Court should, once again, dismiss Plaintiffs' UTPCPL and fraud claims.  *Id.*

---

[1]     Citations to Kia's opening brief (Dkt. No. 146) in support of its Motion to Dismiss shall refer to the Motion Brief ("Mot. Br.").
[2]     Plaintiffs' opposition brief (Dkt. No. 148) exceeds the page limits without the Court's leave to do so.  Compare LR 7.8(b)(1) (limiting briefs to 15 pages), *with* Dkt. No. 148 ("Opp.") (spanning 22 pages).  The arguments raised in the overlength portion of Plaintiffs' opposition brief should be disregarded.  *See* LR 7.8(b)(3) ("No brief exceeding the limits described in [Local Rule 7.8] may be filed without prior authorization.").

*First,* to the extent that Plaintiff uses his opposition to disagree with Judge Mannion's conclusions and request that this Court now decide the issue differently from Judge Mannion, Plaintiff's request is inappropriate. Plaintiffs were granted leave to amend their Complaint. *See* Dkt. No. 129 at 17. Plaintiffs were *not* granted leave to file a motion for reconsideration, which is only permitted in limited circumstances. *See* LR 7.10. Yet, this is exactly what they now seek—a reconsideration of this Court's earlier opinion. In their opposition, Plaintiffs declare that they "respectfully disagree with Judge Mannion's conclusion" that their tort claims are barred. Opp. at 11. And Plaintiffs admit that their contract claim remains largely the same. *Id.* ("The breach of contract claim that was initially set forth in Count II of the FAC and again in Count II of the SAC, was and remains predicated upon the Defendants' breach of the installment sales agreement . . . ." (emphasis omitted)).

*Second*, the SAC continues to allege, as did the FAC, that Defendant's allegedly culpable conduct constitutes a breach of contract. SAC ¶¶ 63–70. These allegations effectively concede that the Set for Life Program promise "sounds in contract."

*Third,* the cases cited by Plaintiffs are inapposite. Both *Okulski v. Carvana, LLC*, No. CV 20-1328, 2021 WL 2223834 (E.D. Pa. June 2, 2021) and *Knight v. Springfield Hyundai*, 81 A.3d 940, 943 (Pa. Super Ct. 2013) involved alleged

2

knowing factual misrepresentations of the current condition of a used vehicle—as opposed to promises of any future performance of maintenance services. Thus, in *Okulski*, the plaintiff alleged that the defendant had falsely represented that the vehicle at issue was subject to a "careful 150-point inspection" and had never been damaged or in an accident. Opp. at 16. Similarly, the defendant in *Knight* allegedly falsely represented that the used vehicle in that case was free of defects and had never been involved in an accident—as well as misrepresenting the mileage and number of previous owners. Opp. at 17. In neither case was there a promise of future maintenance for the vehicle.

Here, in contrast, there was no alleged misrepresentation of the condition of the vehicle at issue—or any other facts. Instead, the allegedly culpable conduct involved a promise of future maintenance services (*e.g.*, free oil changes in the future) that eventually were not provided—a quintessential basis for a contract claim.

*Fourth*, Plaintiffs fail to address *Berardine v. Weiner*, 198 F. Supp. 3d 439 (E.D. Pa. 2016), which, as explained in KUS's opening Motion Brief, is directly on point. Mot. Br. at 12.

## II. PLAINTIFFS FAIL TO STATE A UTPCPL CLAIM.

Plaintiffs' UTPCPL claim should be dismissed for another reason: Plaintiffs have failed to state a claim. Plaintiffs dedicate much space in their Opposition to

3

reciting the same conclusory allegations that they made in their First Amended

Complaint.  Opp. at 8–9, 20–21.  Yet, this does not somehow salvage their failure

to adequately allege how *KUS* committed a deceptive act.  As discussed in KUS's

Motion Brief, Plaintiffs have not adequately alleged that KUS was responsible for

creating or designing the Set for Life Agreements or Program materials that the

Dealer provided to the Plaintiffs.  Nor have they adequately alleged that KUS had

any physical presence at Hazleton Auto Mall, or that they had any direct contact

with Plaintiffs prior to purchase.  Mot. Br. at 14.  Plaintiffs have not alleged that

*KUS* put forth any false advertisements or that they entered into contracts with

KUS when they purchased their vehicle.  *Id.* at 14–17.  In short, Plaintiffs have not

alleged any facts to support a valid claim under the UTPCPL.

    Instead, Plaintiffs continue to argue that KUS is liable for nonfeasance—for,

*inter alia*, allowing the Dealer to place KUS's trademarked logos on pamphlets and

brochures and allowing the Dealer to continue advertising the Set for Life Program

despite supposedly knowing its financial condition.  Yet, they fail to acknowledge

that *malfeasance* is necessary to support a cause of action for allegedly deceptive

acts under the UTPCPL.  Mot. Br. at 16 (quoting *Luketich v. USAA Cas. Ins. Co.*,

No. 2:20-cv-00315, 2020 WL 5669017, at *8 (W.D. Pa. Sept. 24, 2020); *Goldstein

v. Bison Bede Ltd.*, No. 09-826, 2009 WL 2710235, at *6 (E.D. Pa. Aug. 27,

2009)).  Not surprisingly, Plaintiffs cite no case law to support their bold

allegations that KUS had a duty to ensure that the Set for Life benefits offered by the Dealer would be provided.  Nor do Plaintiffs cite any case law suggesting that any such duty would require KUS to compel the Dealer to contract with local establishments to provide car washes, oil/filter changes, inspections, and loaner vehicles or to themselves contract with third parties to provide these benefits.  Opp. at 8–9.

Plaintiffs also attempt to set up a straw man by misreading KUS's Motion Brief to suggest that Plaintiffs must plead the elements of common law fraud to sustain a cause of action under the UTPCPL's "catch all" provision.  Opp. at 7–8. Not so.  In its moving brief, KUS explicitly stated that "[t]o state a claim under [the catchall] provision, a plaintiff must satisfy the elements of common law fraud *or alleged deceptive conduct*."  Mot. Br. at 16–17 (emphasis added).  KUS's entire analysis as to why there is no valid UTPCPL claim pursuant to the catchall provision is based on the less stringent deceptive conduct standard—which Plaintiffs fail to meet.  *Id.* at 19–22.

Plaintiffs also continue to claim that "reasonable reliance is a factual issue to be resolved at trial and is inappropriate to be decided on a motion to dismiss." Opp. at 19–20.  This argument should be rejected for three reasons.

*First*, if reasonable reliance were a factual issue to be resolved only at trial and could not be decided on a motion to dismiss, then a Court could never grant a

motion to dismiss a UTPCPL claim based on failure to adequately allege reliance. This is plainly false. *See, e.g., Post v. Liberty Mut. Grp. Inc.*, No. 14-CV-238, 2014 WL 2777396, at *3 (E.D. Pa. June 18, 2014) ("Plaintiffs do not set forth any factual allegations that demonstrate their actual reliance on the allegedly false advertising at the time of purchasing the policy, so they have failed to successfully state a claim under either § 201-2(4)(v) or § 201-2(4)(ix)."); *Walkup v. Santander Bank, N.A.*, 147 F. Supp. 3d 349, 361–63 (E.D. Pa. 2015) (dismissing UTPCPL claim on motion to dismiss because plaintiffs failed to assert specific facts that would demonstrate justifiable reliance); *Monck v. Progressive Corp.*, No. 3:15-CV-250, 2015 WL 1638574, at *7 (M.D. Pa. Apr. 13, 2015) (dismissing plaintiff's UTPCPL claim because, *inter alia*, plaintiff presented "only conclusory allegations of alleged wrongdoing and her related reliance").

*Second*, the only case that Plaintiffs cite in support of this unfounded statement is *Drelles v. Manufacturers Life Insurance Co.*, 881 A.2d 822 (Pa. Super. Ct. 2005)—a case that is completely distinguishable. In *Drelles*, the court's statement that, for a UTPCPL claim, "[t]he right to rely upon a representation is generally held to be a question of fact[]" was merely a general rule—subject to exceptions, such as the failure to plead supporting factual allegations—and limited to insurance transactions because of their "complicated nature." *Id.* at 841. Thus,

there is simply no basis to stretch the limited conclusion of the *Drelles* court into an overarching change in the law applicable to all UTPCPL claims.

*Finally*, Plaintiffs have no effective response to KUS's explanation that any hypothetical reliance would not have been reasonable.  Mot. Br. at 17–19 (explaining that there is no reasonable basis to infer that KUS approved an extended warranty that—unlike the standard KUS warranty—applied only to a small subset of vehicles so long as those vehicles are serviced at one particular dealer).

Plaintiffs' simple rehashing of their insufficient allegations only further demonstrates that their UTPCPL claim should be dismissed.

## III.    PLAINTIFFS FAIL TO STATE A FRAUD CLAIM.

Plaintiffs have also failed to state a fraud claim.  In alleging a claim for common law fraud, Plaintiffs must "state with particularity the circumstances constituting fraud."  *Barnard v. Verizon Commcn's, Inc.*, 451 F. App'x 80, 86 (3d Cir. 2011) (quoting Fed. R. Civ. P. 9(b)).  In their Opposition, Plaintiffs contend that courts should apply this rule "with some flexibility" and that they should not be required to plead issues "that may have been concealed by the defendants."  Opp. at 20–21 (citing *Christidis v. First Pennsylvania Mortg. Tr.*, 717 F.2d 96, 99 (3d Cir. 1983)).  Yet, Plaintiffs fail to cite a single case in which a court held that, in analogous circumstances, a plaintiff met the requirements of Rule 9(b).  Indeed,

in *Christidis*—the only case they cite for this proposition—the Third Circuit affirmed a dismissal, holding that the allegations pertaining to defendants "knowingly depart[ing] from reasonable accounting practices[]" were not adequate given that "[w]hat those practices are and how they were departed from is nowhere set forth."  717 F.2d at 100.

Similarly, Plaintiffs allege only in a conclusory manner what KUS allegedly knew and could have or should have done.  For example, as discussed above, Plaintiffs allege that KUS had access to the financial condition of the Dealer, that it somehow knew that the Dealer would not honor its promises at some future point, and that it permitted the Dealer to continue to offer the Set for Life Program.  *See supra* at 4; *see also* Opp. at 8–9.  However, there are no specific allegations that, for example, assert *how KUS* supposedly knew the Dealer would fail and *when* it learned this particular information.[3]

_____

[3]      To be sure, the SAC contains conclusory allegations on mere "information and belief" that the Dealer failed to promptly reimburse a *different* entity, Hyundai Capital America (not KUS), for vehicles the Dealer sold.  SAC ¶ 22.  But aside from conclusory allegations, the SAC never alleges when (or how) *KUS* supposedly learned that the Dealer would not be able to fulfill its obligation pursuant to the Set for Life Program.  If anything, the SAC suggests that KUS learned too late about the dealer's difficulties.  Plaintiffs concede that KUS did not know that the Set for Life Program would not be honored until *after* Plaintiffs purchased their Kia vehicles.  *See* SAC ¶ 87 (emphasis added).  Plaintiffs have not adequately alleged (nor can they) that KUS knew prior to Plaintiffs purchasing their vehicles that the Dealer would not perform the benefits promised under the Set for Life Program—and what happened after this is not relevant.  *See supra* at 7–8.  Even assuming *arguendo* that KUS learned that the dealer was experiencing

Moreover, Plaintiffs fail to adequately allege the duties KUS supposedly had or how it departed from those duties.  Plaintiffs similarly fail to identify any case law that held that a defendant had a duty, in analogous circumstances, to act by, for example, somehow putting an end to the practices of an independent company or warning potential purchasers.  And Plaintiffs do not even adequately allege that KUS could do so without improperly interfering with the business practices of the Dealer.  Nor can they.  That is because the Pennsylvania Motor Vehicle Franchise Statute provides that a manufacturer or distributor does not have the right to control the dealer:  a manufacturer or distributor shall not "operate or control a dealer licensed under this chapter, and engaging in buying, selling, or exchanging vehicles."  63 Pa. Stat. § 818.310(c)(1)(ii).[4]  Without any supporting case law identified by Plaintiffs, and in the absence of any specific allegations that would give rise to an affirmative duty to act, Plaintiffs' fraud claim must fail.  *See Christidis*, 717 F.2d at 100; *see also Nicholson v. Sheetz*, No. 1:19-CV-166-SPB,

---

financial difficulties prior to the relevant vehicle sale date, nowhere do Plaintiffs explain why KUS should have inferred from this that any financial difficulties 1) would not have been addressed in the future and 2) would have instead inexorably resulted in insolvency.

[4]    Plaintiffs' allegation to the contrary is conclusory.  *See* SAC ¶ 12 (alleging, upon information and belief, that the dealer was permitted to engage in its own "independent" advertising and promotion "subject to Kia's prior approval").  Plaintiffs have not—and cannot—properly allege that KUS had the right to pre-approve the dealer's advertising.

2020 WL 4676354, at *4 (W.D. Pa. Aug. 12, 2020) (finding that plaintiff did not allege "factual content sufficient to allow th[e] Court to infer the Defendants' liability[]" because absent from the complaint was "any factual content establishing that the Defendants had a duty to disclose the omitted information").[5]

Plaintiffs' Opposition also fails to show how the SAC adequately alleged that Plaintiffs "justifiably relied" on any affirmative representations of KUS or that the damages they suffered were the proximate cause of anything KUS did. Plaintiffs claim that they have "specifically and repeatedly averred that they relied upon Kia's conduct," *see* Opp. at 19, however, Plaintiffs fail to adequately allege any affirmative representation *by KUS* that led to their decision to purchase the vehicles from the *Dealer*. Plaintiffs' entire case against KUS is based not on affirmative representations but on how it was supposedly improper for KUS not to intervene and terminate the Dealer's Set for Life Program. However, as explained in its opening brief, Plaintiffs have failed to adequately allege a reasonable basis for Plaintiffs to assume that *KUS* approved an extended warranty that—unlike the standard KUS warranty—was offered only at one KUS Dealer. Mot. Br. at 17.

---

[5]    To the extent Plaintiffs purport to suggest that their fraud claim satisfies the element of intent, that argument also fails. Opp. at 8, 20–21. While KUS may have intentionally supplied vehicles at wholesale for the Dealer to sell at retail, that is not anywhere close to an adequate allegation that KUS allegedly had the requisite intent to defraud.

Plaintiffs have thus failed to adequately allege the requisite affirmative misrepresentation upon which Plaintiffs contend they justifiably relied.  Moreover, Plaintiffs fail to address the economic loss rule, *see* Mot. Br. at 22, or to distinguish any of the cases cited by KUS.  Plaintiffs' claims of fraud must fail.

## <u>CONCLUSION</u>

For the foregoing reasons and for those stated in KUS's opening brief, Plaintiffs' Pennsylvania Unfair Trade Practices and Consumer Protection Law (Count I) and common law fraud (Count IV) claims against KUS should be dismissed.

Dated:  April 11, 2024            Respectfully submitted,

*/s/ Michael L. Kidney*
Michael L. Kidney (admitted *pro hac vice*)
Hogan Lovells US LLP
555 Thirteenth Street, N.W.
Washington, DC 20004-1109
Telephone:   (202) 637-5600
Facsimile:    (202) 637-5910
michael.kidney@hoganlovells.com

Jason M. Russell (PA Bar No. 325963)
Hogan Lovells US LLP
1735 Market Street Floor 23
Philadelphia, PA 19103
Telephone:   (267) 675-4668
Facsimile:    (267) 675-4601
jason.russell@hoganlovells.com

*Attorneys for Kia America, Inc. f/k/a*
*Defendant Kia Motors America, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Michael L. Kidney, hereby certify that on April 11, 2024, I caused a true and correct copy of the foregoing Reply Brief in Support of Defendant's Kia Motors America's Motion to Dismiss in Part Plaintiffs' Second Amended Complaint, and all documents filed therewith, to be electronically filed and served via the Court's electronic filing system upon the parties registered to receive electronic filings.  Parties may access this filing through the Court's CM/ECF system.

*/s/ Michael L. Kidney*
Michael L. Kidney